

1997 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-10-1997

# Oliver v. Fauver

Precedential or Non-Precedential:

Docket 96-5652

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1997

Recommended Citation

"Oliver v. Fauver" (1997). *1997 Decisions.* Paper 156.
http://digitalcommons.law.villanova.edu/thirdcircuit_1997/156

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1997 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed July 10, 1997

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 96-5652

LORENZO OLIVER,
Appellant,

v.

WILLIAM FAUVER, Commissioner of Department of
Corrections; WILLIAM PLANTIER, Superintendent of
A.D.T.C.; SGT. THOMAS MORAN; SCO. BARRAGUS,
Mailroom Officer; SGT. BUCHANAN, They are all being
sued in their official and individual capacity

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

(D.C. Civil No. 95-06173)

Submitted Under Third Circuit LAR 34.1(a)
April 9, 1997

BEFORE: GREENBERG, LEWIS and MCKEE,
Circuit Judges

(Filed July 10, 1997)

Lorenzo Oliver, #221344
Trenton State Prison
CN 861
Trenton, NJ 08625

<u>Pro Se Appellant</u>

Andrew Sapolnick
Office of the Attorney General
 of New Jersey
Division of Law
Richard J. Hughes Justice Complex,
 CN 112
Trenton, NJ 08625

<u>Attorney for Appellees</u>

**OPINION OF THE COURT**

LEWIS, <u>Circuit Judge</u>.

Appellant, Lorenzo Oliver, is an inmate at the Adult Diagnostic & Treatment Center at Avenel, New Jersey ("ADTC"). Oliver, acting <u>pro se</u>, appeals from an order of the district court granting the summary judgment motions of Appellees, the Commissioner of the New Jersey Department of Corrections, the Superintendent of ADTC and various individual correction officers at ADTC (collectively "Defendants").1 Oliver sought relief against the Defendants under 42 U.S.C. § 1983, alleging equal protection and due process violations and deprivation of access to the courts. We will affirm.

I.

Oliver's section 1983 claim arises from an incident among Oliver, an ADTC corrections officer and an orange.

_____

1. The Defendants are William Fauver, Commissioner of the New Jersey Department of Corrections; William Plantier, Superintendent of ADTC; Corrections Sergeant Thomas Moran; Corrections Sergeant Kathy Buchanan; and Senior Corrections Officer Daniel Barajas.

On September 9, 1995, Sergeant Thomas Moran saw Oliver approaching the outdoor recreational area of the ADTC with an orange in his hand. Moran instructed Oliver to throw the orange away or take it back to his cell. Oliver responded, "You've got to be f---ing kidding me" and proceeded into the yard. Oliver then apparently became loud and boisterous and threw the orange into the garbage. Moran ordered Oliver to retrieve the orange from the trash and take it up to his cell. When Oliver refused to comply with this order, Moran charged him with refusing to obey an order in violation of New Jersey Administrative Code 10A:4-4.1.256.

A hearing officer found Oliver guilty on this charge and sanctioned him to a 30-day loss of recreational privileges. Oliver appealed the guilty finding through the appropriate state appellate channels, alleging a due process violation and a claim that Moran had violated his civil rights. The New Jersey Superior Court, Appellate Division, upheld the hearing officer's decision.

On December 4, 1995, Oliver filed a complaint in the United States District Court for the District of New Jersey, again alleging various civil rights violations. Specifically, Oliver alleged that Sergeant Moran had discriminated against him on the basis of race when Moran issued the disciplinary charge against Oliver for disobeying an order.2 Oliver also alleged that officers at ADTC had on three separate occasions returned his outgoing mail to him without mailing it and on at least one occasion had opened his outgoing mail.3 In his complaint, Oliver did not allege any actual injury caused by the Defendants' alleged interference with his mail.

---

2. Oliver, an African-American prisoner, claimed that Moran had violated his "right to equal protection . . . by ordering him to go into a garbage can and get an orange out to degrade him [in front of white prisoners] because of the color of his skin."

3. The outgoing mail was addressed to the Clerk of the New Jersey Appellate Court, the state Attorney General, and the Commissioner of the Department of Corrections. The mail allegedly contained a notice of appeal and a brief relating to the orange incident.

The Defendants moved for partial summary judgment on the claims arising directly from the orange incident, arguing that those claims were barred by the doctrine of res judicata. The district court granted the Defendants' motion, finding that the New Jersey courts had already adjudicated Oliver's due process and equal protection claims. Oliver v. Fauver, Civ. No. 95-6173, slip op. at 7-8 (D.N.J. Aug. 16, 1996) ("[I]t is evident that [Oliver] seeks to relitigate a claim that has been finally adjudicated in the state court system.").

Soon after the district court's entry of summary judgment in favor of the Defendants, they filed another motion for summary judgment on Oliver's remaining claim relating to the Defendants' alleged interference with his access to the courts. Again, the district court granted the Defendants' motion. Relying on the Supreme Court's recent opinion in Lewis v. Casey, 116 S. Ct. 2174, 2179 (1996), the district court held that Oliver could not prevail on his access-to-the-courts claim because he had failed to allege actual injury caused by the alleged interference. Oliver v. Fauver, Civ. No. 95-6173, letter op. at 2 (D.N.J. Sept. 13, 1996). The court further noted that, notwithstanding Oliver's failure to allege actual injury, the record indicated that no such injury occurred -- i.e., that Oliver's mail did, in fact, eventually reach its intended destination. Id.

The district court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291.

II.

We exercise plenary review over a district court's grant of summary judgment. Small v. Lehman, 98 F.3d 762, 765 (3d Cir. 1996).

Our primary concern on appeal is whether the district court properly concluded that Oliver was required to show that he was actually injured by the Defendants' alleged interference with his access to the courts.[4]

---

4. We will affirm without discussion the district court's grant of summary judgment in favor of the Defendants on the due process and equal protection claims. We agree that these claims are barred by the doctrine of res judicata.

4

Oliver relies on Bieregu v. Reno, 59 F.3d 1445 (3d Cir. 1995), to argue that actual injury need not be alleged when the defendant's conduct deprives an inmate of a "central" aspect of the right to court access. In Bieregu, we set forth a two-prong standard for analyzing denial of court access claims. Bieregu claimed that prison officials had violated his right of access to the courts by repeatedly opening his legal mail outside of his presence. Id. at 1448. In rejecting the government's argument that Bieregu was required to show that he was "actually denied" access to the courts, we distinguished "ancillary" aspects of court access from "central" aspects of court access.5  We noted that while claims stemming from the denial of "ancillary" aspects required actual injury, claims arising from the denial of "central" aspects did not. Id. at 1455. Finally, we concluded that

repeated violations of the confidentiality of a prisoner's incoming court mail are more central than ancillary to the right of court access, and thus no showing of actual injury is necessary for plaintiff to establish that the right has been infringed. We are satisfied that a practice of opening court mail outside an inmate's presence implicates a core aspect of the right.

Id.

Thus, Bieregu established that in cases involving a prisoner's legal mail being repeatedly opened outside of his presence, a showing of actual injury was not required. Id.

Shortly after Bieregu was decided, the Supreme Court considered the "actual injury" requirement in right-to-court-access cases. See Lewis v. Casey, 116 S. Ct. 2174 (1996). Casey involved a class action on behalf of all adult prisoners incarcerated by the State of Arizona Department of Corrections. The prisoners alleged that the prison library

_____

5. We defined "ancillary" aspects of court access as those aspects "which `may affect merely comfort or convenience without depriving a prisoner of access,' " such as a prison's refusal to supply pens or paper when the prisoners had sufficient funds to purchase the items themselves. Id. at 1455 (quoting Peterkin v. Jeffes, 855 F.2d 1021, 1041 (3d Cir. 1988)). In contrast, a "central" aspect would include a practice that "inhibits an inmate's ability to protect his legal rights." Bieregu, 59 F.3d at 1455.

5

was inadequate and, thus, effectively denied them access to the courts. Noting that the requirement of actual injury "derives ultimately from the doctrine of standing," the Court held that to pursue a claim of denial of access to the courts an inmate must allege actual injury, such as the loss or rejection of a legal claim. Id. at 2179. While the Court did not discuss whether the adequacy of the prison library involved an "ancillary" or "central" aspect of the right to court access, it is clear that it found such a distinction irrelevant for purposes of the actual injury requirement.

In any event, as we pointed out in Bieregu, the adequacy of a prison law library involves "issues central to the right of court access." Bieregu, 59 F.3d at 1455 (citing Peterkin, 855 F.2d at 1039, 1041-42). As such, there is no question that after Casey, even claims involving so-called central aspects of the right to court access require a showing of actual injury. That is, the inmate must "demonstrate that the alleged shortcomings . . . hindered his efforts to pursue a legal claim." Casey, 116 S. Ct. at 2179.

It is clear, then, that Casey has effectively overruled Bieregu. Accordingly, we reject Oliver's reliance on Bieregu to avoid the actual injury requirement. As the district court noted, the record indicates that Oliver suffered no injury as a result of the alleged interference with his legal mail. His papers addressed to the New Jersey Superior Court did arrive, as evidenced by the fact that his appeal was considered and adjudicated by that court. In addition, the district court received correspondence from Oliver and considered the arguments raised therein. Because Oliver was not prejudiced by the Defendants' alleged interference with his mail, the district court properly granted summary judgment in favor of the Defendants.

For the foregoing reasons, we will affirm the judgment of the district court.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

6